UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP M. ANDREWS,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-2034 (VLB) |
| CITY OF NEW BRITAIN, | : | |
|     Defendant. | : | December 12, 2007 |

## MEMORANDUM OF DECISION AND ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS [Doc. #9]

The *pro se* plaintiff, Philip Andrews, brought this civil rights action under 42 U.S.C. § 1983 alleging that the defendant, the City of New Britain (the "city"), violated his constitutional rights by failing to expeditiously return a money order owned by Andrews but retained by the Connecticut Superior Court as evidence in a criminal judicial proceeding.

On July 17, 2007, the city filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted asserting, among other things, that Andrews failed to allege any facts against the city itself. [Doc. #9] The city contends that the allegations in the complaint target actions taken by the Connecticut court system. Andrews does not deny these facts. [Doc. #14]

"In reviewing a Rule 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). The court "liberally construe[s] pleadings and briefs submitted by *pro se* litigants, reading

such submissions to raise the strongest arguments they suggest." <u>Bertin v. United States</u>, 478 F.3d 489 (2d Cir. 2007) (internal citations omitted).

Even in light of this relaxed pleading standard, Andrews fails to state a claim upon which relief can be granted by alleging no wrongdoing attributable to the city or any agency or employee under its control, as he does not claim that the money order was in the possession or control of the city or that the city had any duty or right to obtain possession or control over it. Accordingly, the defendant's motion to dismiss is GRANTED. Andrews must initiate an action against defendants responsible for the conduct he alleges violated his constitutional rights if he wishes to further pursue his claims.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: December 12, 2007.